IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony Cook, #115157 | ) | Case No.: 2:17-cv-1300 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Judge Robert E. Hood, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 30) recommending that Plaintiff's Complaint (Dkt. No. 1) be summarily dismissed with prejudice and without issuance of service of process. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

I. **Background and Relevant Facts**

Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. As detailed by the Magistrate Judge in the R. & R., Plaintiff is one of a group of inmates who has repeatedly filed the same or similar complaints in this district, purporting to sue several judges[1] for "conspiracy" and "fraud" due to their adverse rulings on the inmates' habeas petitions. The Complaint also contains a diatribe against same-sex marriage and seeks to "remove" this case (and others) to "the State of New Jersey."

---

[1] On the face of the Complaint (43 pages), Plaintiff lists twenty defendants, including the following state, federal, and/or federal appellate judges (most of whom are identified only by their last name): Judges Hood, Diaz, Thacker, Davis, Gregory, Duncan, Hamilton, Hendricks, West, Harwell, Austin, Wooten, Marchant, Seymour, Hodges, Gerbel (sic), and Cain. (Dkt. No. 1 at 5-7). Plaintiff also sues court officials -- Mr. Zannelli (sic) and Patricia Connors "of the 4th Circuit Court" and attorney Tara Dawn Shurling. (*Id.* at 6). Throughout his Complaint, Plaintiff insults the defendant judges, describing them in derogatory terms as crack-head idiots, knuckleheads, scorpions, flying monkeys, stinking rats, weasels, snakes, wicked witches, potato heads, and demon dogs. (Dkt. No. 1 at 6-7, 11, 13-14, 19, 22- 23, 26-27, 32, 40).

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

Plaintiff purports to sue several named defendants, including the undersigned, as well as "all other judges of the S.C. U.S. District Court in its entirety." (Dkt. No. 1 at 6.) Pursuant to Title 28, United States Code, Section 455(b)(i), a district judge shall disqualify himself in any proceeding if he is a party to the proceeding. However, when a litigant sues all of the judges in a district, the rule of necessity allows a district judge to hear the case. *See Glick v. Edwards*, 803 F.3d 505, 509–10 (9th Cir. 2015) ("We therefore hold that the rule of necessity applies where every judge of a tribunal would otherwise be disqualified. More pithily stated: "where all are

disqualified, none are disqualified." *Ignacio*, 453 F.3d at 1165 (internal quotation marks omitted) (quoting *Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 59 (8th Cir.1976)). The rule of necessity thus permits a district judge to hear a case in which he is named as a defendant where a litigant sues all the judges of the district.").

The rule of necessity is particularly appropriate in cases like this one where the entire Complaint is frivolous, because no reasonable outside observer would question the district judge's impartiality in ruling on the matter. *See United States v. Wiggins*, No. CRIM. WDQ-09-0287, 2011 WL 806383, at *7 (D. Md. Mar. 1, 2011) (quoting *United States v. DeTemple,* 162 F.3d 279, 286–87 (4th Cir.1998)) ("A federal judge must disqualify himself when 'his impartiality might reasonably be questioned.' 28 U.S.C. § 455(a). This objective standard asks whether a 'reasonable, well-informed observer who assesses all the facts and circumstances' would question a judge's impartiality.'"). Plaintiff has named all the judges in this district as defendants because he takes issue with their prior rulings, and the Fourth Circuit has ruled that "[J]udicial rulings and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings' almost 'never constitute a valid basis for a bias or partiality motion,'" *United States v. Brown*, 636 F. App'x 157, 160 (4th Cir. 2016) (internal citations omitted). "[R]ecusal decisions reflect not only the need to secure public confidence through proceedings that appear impartial, but also the need to prevent parties from too easily obtaining the disqualification of a judge, thereby potentially manipulating the system for strategic reasons." *United States v. Mack*, 455 F. App'x 323, 325 (4th Cir. 2011) (quoting *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011)). Plaintiff undoubtedly seeks to manipulate the system for strategic reasons, as he seeks to remove this case (and other, related cases) to the State of New Jersey. For these reasons, the undersigned finds

that it is not appropriate to recuse himself from the matter and has considered the Magistrate Judge's Report and Recommendation.

The Magistrate Judge explained in the R. & R. that this matter should be summarily dismissed for several reasons, including absolute judicial and quasi-judicial immunity (Dkt. No. 30 at 8), sovereign immunity (*Id.* at 9), failure to state a claim (*Id.* at 10), the bar on collateral attacks to convictions set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (*Id.* at 12), and general frivolity (*Id.* at 13). This Court agrees with the Magistrate Judge that the Complaint is frivolous and fails to state a plausible claim for relief and that, as the Complaint is entirely subject to summary dismissal on each of the enumerated grounds under 28 U.S.C. §1915(e)(2)(B), this dismissal should count as a strike.

Plaintiff has filed Objections to the R. & R. (Dkt. No. 35.) However, those Objections appear to be only a notice of appeal to the Fourth Circuit. In the absence of any specific or coherent objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV.  Conclusion

For the reasons set forth above, this Court adopts the R. & R. (Dkt. No. 12) as the order of the Court. Plaintiff's Complaint is dismissed with prejudice and without issuance of service of process, and all pending motions (Dkt. Nos. 19, 24, 34) are denied. This dismissal counts as a strike under 28 U.S.C. §1915(e)(2)(B), and it is Mr. Cook's third strike.

**AND IT IS SO ORDERED.**

May **14**, 2018
Charleston, South Carolina

_____
Richard Mark Gergel
United States District Court Judge